UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 20-42265

TONYA M. LOUCKS,                                Chapter 13

      Debtor.                               Judge Thomas J. Tucker

_____/

**ORDER DENYING DEBTOR'S "MOTION TO COMPEL CREDITOR ONEMAIN FINANCIAL TO TAKE POSSESSION OF COLLATERAL [ETC.]"**

This case is before the Court on the motion filed by the Debtor on September 16, 2020, entitled "Debtor's Motion to Compel Creditor, OneMain Financial, to Take Possession of Collateral Surrendered Pursuant to Chapter 13 Plan or in the Alternative Release Lien" (Docket # 28, the "Motion"). OneMain Financial ("OneMain") is a creditor with a security interest in the Debtor's vehicle, a 2007 Pontiac G6 (the "Vehicle"). Under the Debtor's confirmed plan in this case, the Debtor surrendered the Vehicle. But, the Motion says, the Vehicle has "nominal, if any, value," and OneMain refuses to repossess the Vehicle or release its lien in the Vehicle. (Motion at ¶¶ 3-5). The Motion seeks an order compelling OneMain Financial either (1) to repossess the Vehicle; or (2) release its lien in the Vehicle.

No timely response was filed to the Motion, and the Debtor filed a certificate of no response on October 6, 2020. Upon review of the Motion, however, the Court concludes that it must deny the Motion. The Motion does not demonstrate any valid basis for the relief requested.

The Debtor filed a voluntary petition for relief under Chapter 13 on February 18, 2020. The Debtor's Schedules A/B and D (Docket # 13) state that the Debtor owns the Vehicle, subject to OneMain's security interest.

The Debtor's amended Chapter 13 plan (Docket # 21, the "Plan") was confirmed on May 22, 2020 (Order Confirming Plan, Docket # 26). The secured claim of OneMain is treated in Class 5.5 of the Plan. (Docket # 21 at 5, ¶ III.E). Under Class 5.5, the Debtor "surrenders" the Vehicle. The Plan states the consequences of that surrender, in ¶ V.P on pages 12-13:

> SURRENDER OF COLLATERAL: . . . Upon confirmation, the Automatic Stay and co-debtor Stay is lifted as to the collateral and any creditor holding a lien on the collateral and the collateral shall no longer constitute property of the estate. No disbursements shall be made by the Trustee to any creditor whose claim is secured by the collateral being surrendered unless the holder of such claim files a Proof of Claim (or Amended Proof of Claim) after the Effective Date of the Plan setting forth the amount of any deficiency remaining after disposition of the collateral. Any allowed deficiency claim shall be paid as a general unsecured claim in Class 9 of the Plan. . . .

Nowhere does the Plan require the secured creditor, OneMain, to repossess the Vehicle, or to release its lien in the Vehicle. Under the terms of the Plan, OneMain has relief from stay permiting it to repossess the Vehicle, but the Plan does not require repossession. And nothing in the Plan purports to affect OneMain's lien in the Vehicle.

"Surrender" is a procedural device which permits the secured creditor to pursue its state law remedies with regard to the property surrendered. "Surrender" does not, in and of itself, affect the substantive rights of a debtor in the property surrendered. *See Maple Forest Condo. Assoc. v. Spencer* (*In re Spencer*), 457 B.R. 601, 604, 612 (E.D. Mich. 2011) (citations and internal quotations omitted) (Chapter 13 Debtor surrendered his condominium in satisfaction of secured debt; the court held that "[u]nder the Bankruptcy Code, Debtor's 'surrender' merely establishes that Debtor will not oppose the transfer of collateral" and that "'the most sensible connotation of 'surrender' in the present context is that the debtor agreed to make the collateral

2

available to the secured creditor'"; and that "[a]bsent some further action — such as foreclosure, deed in lieu of foreclosure, or short sale of the property — surrender does not divest a debtor of ownership and its obligations." ); *cf. Bentley v. OneMain Financial Group* (*In re Bentley*), No. 19-8026, 2020 WL 3833069 at *12 (6th Cir. B.A.P., March 20, 2020) (discussing what a debtor's "surrender" of encumbered property under Code § 521(a)(2) means: "a debtor's surrender of collateral under § 521 does not require a creditor to take possession thereof."); *Bentley* at *10 (where the court rejected the argument that once the secured creditor decides not to repossess surrendered collateral there is a duty to release the lien, stating: "Nothing [in cited decisions] mandates that a creditor release a lien without some compensation for its *in rem* interest."); *Green Tree Fin. Servicing Corp. v. Theobald* (*In re Theobald*), 218 B.R. 133, 135-36 (B.A.P. 10th Cir. 1998) (discussing a debtor's "surrender" of encumbered property under Code § 521(a)(2); holding that "§ 521(2) [renumbered by the "Bankruptcy Abuse Prevention and Consumer Protection Act of 2005" as 11 U.S.C. § 521(a)(2)] does not affect nor create substantive rights;" that "[t]he language of the statute does not require a debtor to transfer title by executing and delivering a deed in order to effectuate surrender;" and that the creditor "[was] not at liberty to use the Bankruptcy Code to enable it to more expeditiously obtain relief provided for under state law, or to obtain relief wholly unavailable under state law"); *Main Street Bank v. Hull*, No. 07-13676, 2008 WL 783722, at *1-5 (E.D. Mich. March 20, 2008) (affirming the bankruptcy court's interpretation of "surrender" under 11 U.S.C. § 521(a)(2) as "merely procedural" and not affecting the substantive rights of the debtor versus the secured creditor in residential real property; and affirming bankruptcy court's denial of the secured creditor's motion for an order compelling the debtor to execute her intention to surrender real property, or for order

3

placing title to the property in creditor).

The Debtor's Chapter 13 Plan is consistent with this interpretation of "surrender," in providing that the confirmation of the Chapter 13 Plan lifts the automatic stay with regard to the Property. This permits OneMain to pursue its state law remedies with respect to the Vehicle, which actions were stayed by the filing of the bankruptcy petition, but it does not require OneMain to pursue such remedies, or to take *any* action.[1]

Because there is no demonstrated basis for granting Debtor the relief requested in the Motion,

IT IS ORDERED that the Motion (Docket # 28) is denied.

**Signed on October 9, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[1] Under ¶ V.P of the confirmed Plan, quoted above, OneMain cannot receive any disbursement in this case, unless OneMain first files a proof of claim or amended proof of claim, "setting forth the amount of any deficiency remaining after disposition of the collateral." Then any allowed deficiency claim will be "paid as a general unsecured claim in Class 9 of the Plan." To date, OneMain has not filed such a proof of claim that would permit it to received any disbursement under the Plan. (Neither OneMain's original proof of claim nor its amended proof of claim (Claim Nos. 2-1, 2-2) is such a claim.) OneMain cannot do so, of course, unless and until it first repossesses and disposes of the Vehicle.

4